FLETCHER, Judge.
Deborah Byars appeals from an order vacating an arbitration award in an action for defamation brought by Sandy Thomas. We affirm.
Byars and Thomas were employed by Miami-Dade Corrections Department where Byars was Thomas’ supervisor. In August of 2002, a grievance was filed against Byars on behalf of Thomas by the Police Benevolent Association [PBA] pursuant to the applicable collective bargaining agreement between the PBA and the County. In March of 2004, a settlement agreement was reached whereby written reprimands against Thomas were to be rescinded and Thomas agreed to withdraw her demand for arbitration under the collective bargaining agreement. Two months thereafter, Thomas filed the instant defamation action against Byars stemming from the prior workplace dispute. Byars moved to dismiss, or alternatively to compel arbitration under the collective bargaining agreement. Over Thomas’ objection, the trial court compelled the parties to arbitrate the claim. The arbitrator issued an award finding the matters to be res judicata and denying Thomas’, claim which led to Byars moving for confirmation of the award and Thomas moving for a trial de novo. Without specifying the basis for its ruling, the trial court vacated the arbitration award.
Pursuant to Section 682.13(l)(e), Florida Statutes (2005), a trial “court shall vacate an award when ... [t]here. was no agreement or provision for arbitration ... unless the party participated in the arbitration hearing without raising the objection.” The sole agreement for arbitration herein was contained in the collective bargaining agreement between the PBA and the County. This agreement, in Article 3, specifically states that only the PBA may request arbitration. The parties’ individual rights of actions, therefore, are not subject to the arbitration provision.
We affirm and remand for further proceedings consistent with this opinion.